1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   JILL M. PIETRINI, Cal. Bar No. 138335
3  jpietrini@sheppardmullin.com
   PAUL A. BOST, Cal. Bar No. 261531
4  pbost@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
5  Los Angeles, California 90067-6055
   Telephone:  310.228.3700
6  Facsimile:  310.228.3701

7  *Attorneys for Plaintiff*
   *New Star Enterprises, Inc.*
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   WESTERN DIVISION

12

13 | NEW STAR ENTERPRISES, INC., a California corporation, | Case No. |
14 | | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND COUNTERFEITING, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND BREACH OF CONTRACT** |
   |              Plaintiff, | |
15 | | |
   |         v. | |
16 | | |
   | NEW STAR REALTY & INVESTMENT CORP., a Virginia corporation; MOON SUK OH a/k/a CHARLES OH, an individual; KYUNG SOON OH a/k/a SUSAH OH, an individual; and DOES 1-10, inclusive, | **DEMAND FOR JURY TRIAL** |
17 | | |
18 | | |
19 | | |
20 |              Defendant. | |

21

22        Plaintiff New Star Enterprises, Inc. ("Plaintiff"), for its complaint against

23 defendants New Star Realty & Investment Corp. ("Washington Newstar"), Moon

24 Suk Oh also known as Charles Oh, Kyung Soon Oh also known as Susan Oh

25 (collectively, "Defendants"), and Does 1-10, alleges as follows:

26                          **JURISDICTION**

27        1.     This action arises under the trademark and unfair competition laws of

28 the United States, 15 U.S.C. § 1051, *et seq.*, and under California statutory and

---

                                    -1-                                    .

common law of unfair competition and contracts.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), and § 1367, and 15 U.S.C. § 1121.

2.     Venue is proper under 28 U.S.C. § 1391 in this case because Defendants are deemed to reside in this District for venue purposes and are subject to personal jurisdiction in this District, and/or a substantial part of the events or omissions giving rise to the instant claims occurred in this District.

## PARTIES

3.     Plaintiff is, and at all relevant times was, a California corporation having its principal place of business in Los Angeles, California.

4.     On information and belief, Washington New Star is, and at all times was, a Virginia corporation having its principal place of business in Fairfax, Virginia, and does business in this District.

5.     On information and belief, Moon Suk Oh, also known as Charles Oh, is an individual residing and having his principal place of business in Fairfax, Virginia, and does business in this District.

6.     On information and belief, Kyung Soon Oh, also known as Susan Oh, is an individual residing and having her principal place of business in Fairfax, Virginia, and does business in this District.

7.     Defendants are subject to personal jurisdiction in this District because they do business in this District and/or the claims arose in this District.

8.     The true names, identities and capacities, whether individual, associate, corporate or otherwise, of Defendants DOES 1 to 10, inclusive, and each of them ("the DOE Defendants"), are unknown to Plaintiff at this time, who therefore sues the DOE Defendants by such fictitious names.  When the true names and capacities or participation of the DOE Defendants are ascertained, Plaintiff will amend this complaint to assert their true names, identities and capacities.  Plaintiff is informed and believes and thereon alleges that each of the DOE Defendants sued herein is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff in

some manner for the events and happenings alleged in this complaint.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the DOE Defendants were and are doing business and/or residing in this District.

**PARTIES**

**Plaintiff's Business and Trademarks**

9.     Plaintiff is a leading residential and commercial real estate company. Plaintiff offers agency, brokerages, escrow, and listing services for real estate transactions, property management services, and real estate consulting.

10.     Since its inception in 1988, Plaintiff and its predecessors in interest have focused offering their services primarily to Korean-American and Korean-speaking customers.  Plaintiff has become one of the largest Korean-owned real estate companies in the United States.

11.     Plaintiff operates the website on the domain name http://newstarrealty.com, which it has owned for more than 20 years.

12.     For nearly 30 years, Plaintiff and its predecessors in interest have had significant commercial success and developed significant goodwill offering various real estate-related services under the NEWSTAR, NEW STAR, NEWSTAR REALTY & INVESTMENT, NEWSTAR REALTY & INV., NEWSTAR REAL ESTATE SCHOOL, NEWSTAR SCHOLARSHIP, and 뉴스타부동산 [1] trademarks, and logos and design marks including the foregoing literal elements.  Plaintiff owns federal registrations for certain of its trademarks, as set forth in the below table:

| **Mark** | **Reg. No.** | **Good/Services** | **App. Date and Reg. Date** | **Asserted Date of First Use** |
|---|---|---|---|---|
| NEWSTAR | 3,105,969 | Real estate services, namely, real estate agencies, real estate brokerage, real estate | June 7, 2004 | January 1, 1990 |

---

[1]     These Korean language characters transliterate into "New Star Bang Dong San," which means "New Star Realty' in English.

| Mark | Reg. No. | Good/Services | App. Date and Reg. Date | Asserted Date of First Use |
|---|---|---|---|---|
| | | listing services, and real estate acquisition services; real estate escrow services; and real estate investment services | June 20, 2006 | |
| 뉴스타 부동산 | 3,125,682 | Real Estate Services, namely, real estate agencies, real estate brokerage, real estate listing services, and real estate acquisition services; real estate escrow services; and real estate investment services. | June 7, 2004<br><br>August 8, 2006 | January 1, 1990 |
| NEWSTAR Realty & Inv. 뉴스타 부동산 | 3,992,834 | Real estate acquisition services; real estate agencies; real estate brokerage; real estate escrow services; real estate listing; real estate management services; real estate services, namely, rental, brokerage, leasing and management of commercial property, offices and office space | Nov. 2, 2010<br><br>July 12, 2011 | January 2008 |
| NEWSTAR | 5,012,051 | Real estate services, namely, real estate agencies, real estate brokerage, real estate listing services, and real estate acquisition services; real estate escrow services, and real estate investment services | Nov. 30, 2015<br><br>Aug. 2, 2016 | Oct. 13, 2011 |

Each of the foregoing registrations is incontestable but for NEWSTAR & Design, Reg. No. 5,012,051.  True and correct copies of Plaintiff's certificates of registration for the above marks, as well as printouts from the U.S. Patent & Trademark Office's website reflecting current status and title of the registrations, are attached hereto as **Exhibit A**.  All of the foregoing trademarks are hereafter collectively referred to as the "NEWSTAR Marks."

13.     Plaintiff and its predecessors in interest have licensed the NEWSTAR Marks for real estate services throughout the U.S.  These licensees operate in at least the following locations:  San Francisco, San Jose, Santa Clara, and Dublin, California; Honolulu, Hawaii; Chicago, Illinois; Boston, Massachusetts; Bergen, New Jersey; Las Vegas, Nevada; New York, New York; Dallas, Texas; and Federal Way and Seattle, Washington.  Effective November 2017, Plaintiff is licensing use of its NEWSTAR Marks to an entity offering real estate services in the Virginia/Maryland/Washington DC area.  Notably, and as explained in greater detail below, Washington Newstar is a holdover licensee of Plaintiff's operating in the Virginia/Maryland/Washington DC area.  Plaintiff ensures that its licensees' services and operations conform to the standard of quality that the public has come to associate with Plaintiff, and Plaintiff's licensees enjoy the benefit of leveraging Plaintiff's reputation and goodwill, particularly amongst Korean-American and Korean-speaking consumers.  Consequently, the NEWSTAR Marks have become well-known nationally amongst this significant and populous consumer base.

14.     The NEWSTAR Marks are inherently distinctive.  By virtue of Plaintiff's and its licensees' extensive use of the NEWSTAR Marks and commercial success achieved thereunder, among other things, the NEWSTAR Marks have developed secondary meaning.

**Defendants and Their Infringing Actions**

15.     Washington Newstar offers various real estate-related services, including, primarily, agency, brokerage, and listing services in the

Virginia/Maryland/Washington DC area.  Like Plaintiff, Washington Newstar focuses offering its services primarily to Korean-American and Korean-speaking consumers.  On information and belief, Washington Newstar's chief executive officer is, and has always been, Mr. Oh, and Washington Newstar's vice president is, and has always been, Ms. Oh.  On information and belief, Ms. Oh is Washington Newstar's principal broker, as identified in the State of Virginia's Department of Professional and Occupational Regulation licensee database.  True and correct printouts from this database reflecting the foregoing are attached hereto as **Exhibit B**.

16.     Before it opened for business, Washington Newstar entered into an agreement with Plaintiff whereby, *inter alia*, Plaintiff licensed Washington Newstar the right to use the NEWSTAR Marks to advertise and promote their services.  A true and correct copy of the original agreement in Korean and executed by Mr. Oh on behalf of Washington Newstar, with an uncertified English translation, is attached hereto as **Exhibit C**.  On information and belief, thereafter and under such license, in October 2001, Washington Newstar began offering services under the mark WASHINGTON NEWSTAR and opened its first office in Fairfax, Virginia.

17.     By licensing and using the NEWSTAR Marks under a license from Plaintiff, Washington Newstar held itself and its real estate services out as conforming to the standard of quality associated with the NEWSTAR Marks.  Washington Newstar benefitted by being able to leverage the goodwill Plaintiff had established in the NEWSTAR Marks for real estate services, particularly amongst Korean-American and Korean-speaking consumers.  In exchange for the opportunity to leverage Plaintiff's goodwill represented by the NEWSTAR Marks, Washington Newstar paid Plaintiff a license fee.  Washington Newstar sent these payments to Plaintiff at its base of operations in Los Angeles, California, and many of these payments were made by checks signed by Ms. Oh.

18.     On or around August 5, 2005, Plaintiff and Washington Newstar

entered into another agreement whereby Plaintiff licensed its NEWSTAR Marks to Washington Newstar for a term of 5 years, i.e., until December 31, 2010.  Under this agreement, Washington Newstar agreed to pay a significantly higher license fee, reflecting both the significant growth it had experienced operating under the NEWSTAR Marks and the value it placed in the NEWSTAR Marks for its future success.  Under the agreement, if neither party gave written notice of termination 6 months before the contract's expiration, the agreement was renewed on the same terms.  The parties further agreed that in the event the agreement expired or was terminated, Washington Newstar was to cease all use of the NEWSTAR Marks within 30 days of the date of expiration or termination, failing which Washington Newstar would pay Plaintiff $10,000 for each month of unlicensed use.  A true and correct copy of the agreement in Korean and executed by Mr. Oh on behalf of Washington Newstar, with an uncertified English translation, is attached hereto as **Exhibit D**.

19.    Based on its licensed use of the NEWSTAR Marks, Washington Newstar's business continued to grow.

20.    Because neither party gave written notice of termination 6 months before the contract's expiration, the August 5, 2005 agreement was automatically renewed effective January 1, 2011.

21.    Throughout the course of their relationship, Washington Newstar occasionally paid Plaintiff less than the parties agreed to based on Washington Newstar's explanations that business realities did not allow it to pay the full amount of the license fee.  On or around the first few months of 2013, however, Washington Newstar's license payments became increasingly infrequent.  In good faith, Plaintiff contacted Washington Newstar in or about March 2013 to discuss Washington Newstar's past due license fees – which amount, from 2009-2011, totaled nearly $110,000 – and renegotiation of the parties' agreement.  Washington Newstar did not pay the past due license fees, which continue to accrue, despite continuing to use

the NEWSTAR Marks.  Likewise, the parties did not reach a renegotiation of their license agreement due to Washington Newstar's insistence on a renegotiated license fee far below that paid by Plaintiff's other licensees.

22.    On October 20, 2015, and after expending considerable energy trying to salvage its business relationship with Washington Newstar, Plaintiff sent a letter to Mr. Oh and Ms. Oh demanding that Defendants cease use of the NEWSTAR Marks in light of the parties' terminated license agreement.  A true and correct copy of this letter is attached hereto as **Exhibit E**.  Defendants did not respond to the letter and continued to use the NEWSTAR Marks despite not having a license to do so.  On June 24, 2016, Plaintiff sent another letter to Mr. Oh and Ms. Oh demanding that Defendants cease their unauthorized, unlicensed use of the NEWSTAR Marks.  A true and correct copy of this letter is attached hereto as **Exhibit F**.

23.    Despite Defendants' knowledge of Plaintiff's exclusive rights in the NEWSTAR Marks and Plaintiff's express, repeated demand that they cease use of the marks, Defendants continue to prominently use, and expand their operations based on the goodwill of, the NEWSTAR Marks.  True and correct screenshots, as of September 20, 2017, of the English language and Korean language versions of Washington Newstar's main website, located at http://www.washingtonnewstar.com, reflecting prominent use of the NEWSTAR Marks are reprinted below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





1  Furthermore, at least as recently as June 27, 2017, the "About Us" page of

2  Washington Newstar's website recited Plaintiff's historical origins as that of

3  Washington Newstar's.  A true and correct screenshot of the foregoing, as retrieved

4  from Archive.org's "Wayback Machine," is included below:



15  In an older version of its website, Washington Newstar's recitation of Plaintiff's

16  corporate history as its own is attributed to Ms. Oh, as reflected in the below true

17  and correct screenshots:





24.     On information and belief, certain of Washington Newstar's affiliates and/or subsidiaries continue to use the NEWSTAR Marks and  Plaintiff's distinctive logos.  For example, as reflected in the below screenshot of http://wincrestcommercial.com/company.cfm, Wincrest Group – which, on information and belief, is an affiliate or subsidiary of Washington Newstar – uses a version of one of Plaintiff's registered NEWSTAR logos and recites Plaintiff's history as its own:





Washington New Star Realty & Investment

In 1988, New Star Realty & Investment was just another small single-office brokerage owned by a minority. Today, New Star Realty has become the largest Korean-American real estate company in United States and continues to be a powerhouse in this market.
Currently, New Star has over 50 branch office strategically located throughout the United States, covering both East and West coast. With more than 2,000 New Star agents all working together as one global network, New Star is the dominating presence in real estate of the Korean-American community.
In the Greater Capital Region alone, New Star has matured into a 4-branch office brokerage service, including the Corporate Education Center in Northern Virginia and the newly expanded Greater Baltimore Regional Branch, in Ellicott City, MD. Over 100 agents work diligently to become the true gateway between the Korean community and the real estate market.
New Star Realty has the solutions to meet your needs whether they may be residential, commercial, or other investment properties. No one comes close to our network of sales agents in buying and selling properties in the Korean Communities.

25.     Defendants have intentionally coopted the NEWSTAR Marks and Plaintiff's identity, goodwill, and reputation as their own despite no longer having any right, pursuant to a license agreement or otherwise, to use the NEWSTAR Marks and Plaintiff's repeated demands that they cease using the NEWSTAR Marks.

26.     On August 16, 2017, Defendants sent Plaintiff a text message threatening to sue Plaintiff if Plaintiff proceeds with its new licensee in the Virginia/Maryland/Washington D.C. area.  Defendants also now attempt to claim prior rights to the NEW STAR Marks, which they do not have.

**FIRST CAUSE OF ACTION**

**(Trademark Infringement and Counterfeiting– 15 U.S.C. §§ 1114, 1125(a) and Common Law – Against Defendants)**

27.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 26, above, as though fully set forth herein.

28.     Defendants have used in commerce, without Plaintiff's permission or authorization, the NEWSTAR Marks, marks confusingly similar thereto, or marks substantially indistinguishable therefrom in a manner that is likely to cause confusion with respect to the source and origin of Defendants' services and is likely to cause confusion or mistake and to deceive purchasers as to Plaintiff's affiliation, connection, or association with, or approval or sponsorship of, Defendants, their businesses, and/or their services.

29.     Defendants' acts constitute infringement and counterfeiting of the NEWSTAR Marks in violation 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and the common law.

30.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  Defendants will continue to use, unless restrained, the NEWSTAR Marks, marks confusingly similar thereto, or marks substantially indistinguishable therefrom and will cause irreparable damage to Plaintiff.  On information and belief, Defendants intend to interfere with Plaintiff's new licensee in the Virginia/Maryland/Washington D.C. area.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants and, as applicable, their officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

31.     Plaintiff is further entitled to recover from Defendants the actual damages that Plaintiff has sustained, is sustaining, and/or is likely to sustain as a

1  result of Defendants' wrongful acts.

2      32.    Plaintiff is further entitled to recover from Defendants the gains, profits,

3  and advantages that Defendants have obtained as a result of their wrongful acts.

4      33.    Because of the willful nature of Defendants' wrongful acts, Plaintiff is

5  entitled to an award of punitive damages under the common law, and treble damages

6  and increased profits under 15 U.S.C. § 1117.

7      34.    Because Defendants' acts constitute counterfeiting, Plaintiff is entitled

8  to treble damages or profits and statutory damages under 15 U.S.C. § 1117.

9      35.    Plaintiff is also entitled to recover its attorneys' fees and costs of suit

10  pursuant to 15 U.S.C. § 1117 because this is an exceptional case.

11                          **SECOND CAUSE OF ACTION**

12  **(False Designation of Origin – 15 U.S.C. § 1125(a) – Against Defendants)**

13      36.    Plaintiff repeats and realleges each and every allegation of paragraphs 1

14  through 35, above, as though fully set forth herein.

15      37.    Defendants' unauthorized use of the NEWSTAR Marks, marks

16  confusingly similar thereto, or marks substantially indistinguishable therefrom in

17  conjunction with Defendants' businesses and their offering of real estate services,

18  Defendants' false designation of origin, and Defendants' false and misleading

19  descriptions and representations of fact, as alleged herein, are likely to cause

20  confusion, or to cause mistake, or to deceive as to the affiliation, connection, or

21  association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval

22  of Defendants' services or commercial activities by Plaintiff in violation of

23  15 U.S.C. § 1125(a).

24      38.    As a direct and proximate result of Defendants' wrongful acts, Plaintiff

25  has suffered and continues to suffer and/or is likely to suffer damage to its

26  trademarks, business reputation, and goodwill.  Defendants will continue, unless

27  restrained, to conduct their business and offer services using the NEWSTAR Marks

28  or other trademarks confusingly similar thereto and will cause irreparable damage to

-13-

Plaintiff.   On information and belief, Defendants intend to interfere with Plaintiff's new licensee in the Virginia/Maryland/Washington D.C. area.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants and, as applicable, their officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin, affiliation or sponsorship.

39.    Plaintiff is further entitled to recover from Defendants the actual damages that Plaintiff has sustained, is sustaining, and/or is likely to sustain as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Defendants' acts of false designation of origin, affiliation or endorsement.

40.    Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of false designation of origin, affiliation or endorsement.

41.    Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

42.    Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117 because this is an exceptional case.

## THIRD CAUSE OF ACTION

### (Statutory and Common Law Unfair Competition – Against Defendants)

43.    Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 42, above, as though fully set forth herein.

44.    By reason of the foregoing, Defendants have been, and are, engaged in "unlawful, unfair or fraudulent business practices" in violation of §§ 17200 *et seq.* of the California Bus. & Prof. Code and acts of unfair competition in violation of the

1  common law.

2     45.    Defendants' acts complained of herein have damaged and will continue

3  to damage Plaintiff irreparably.  Plaintiff has no adequate remedy at law for these

4  wrongs and injuries.  The damage to Plaintiff includes harm to its NEWSTAR

5  Marks, goodwill, and reputation in the marketplace that money cannot compensate.

6  Plaintiff is therefore entitled to:  (a) injunctive relief restraining and enjoining

7  Defendants and, as applicable, their officers, members, agents, servants, and

8  employees, and all persons acting thereunder, in concert with, or on their behalf,

9  from using the NEWSTAR Marks or any mark, name, symbol, or logo which is

10 confusingly similar thereto, in connection with the marketing or sale of any goods or

11 services by Defendants; (b) Plaintiff's actual damages sustained as a result of

12 Defendants' wrongful acts; (c) an accounting of Defendants' profits earned from

13 their unauthorized use of the NEWSTAR Marks or any mark, name, symbol, or logo

14 confusingly similar thereto; (d) the award of Defendants' unjust profits, as well as

15 sums sufficient to compensate Plaintiff for all harm suffered as a result of

16 Defendants' conduct; and (e) punitive damages.

17                    **FOURTH CAUSE OF ACTION**

18           **(Breach of Contract – Against Washington Newstar)**

19     46.    Plaintiff repeats and realleges each and every allegation of paragraphs 1

20 through 45, above, as though fully set forth herein.

21     47.    Plaintiff and Washington Newstar entered into an agreement on or

22 around August 5, 2005 by which, *inter alia*, Plaintiff granted Washington Newstar a

23 license to use its NEWSTAR Marks.  The agreement was extended for another 5-

24 year term effective January 1, 2011 because neither party exercised its rights to

25 terminate the agreement.

26     48.    Plaintiff performed all of its material obligations under the agreement,

27 or was excused for its nonperformance.  Among other things, pursuant to the

28 agreement, Plaintiff provided to Washington Newstar the right to use the

-15-

1    NEWSTAR Marks and leverage Plaintiff's goodwill therein for its own benefit.

2        49.     All conditions required for Washington Newstar's performance under

3    the agreement – including its payment of the license fees set forth in the agreement

4    – occurred.

5        50.     Washington Newstar breached the parties' agreement by failing to

6    make payments to Plaintiff as set forth in the agreement, namely, a flat fee of

7    $40,000 per year and, for each new branch opened by Washington Newstar during

8    the agreement, an initial fee of $5,000 and a $10,000 per year flat fee.

9        51.     As a direct result thereof, Plaintiff suffered damages in an amount to be

10   determined by the trier of fact, plus interest.

11   **<u>PRAYER FOR RELIEF</u>**

12       WHEREFORE, Plaintiff prays that this Court enter judgment against

13   Defendants as follows:

14   1.     Finding that Defendants have:  infringed the NEWSTAR Marks under

15   15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and the common law; counterfeited the

16   NEWSTAR Marks under 15 U.S.C. § 1116(d); violated 15 U.S.C. § 1125(a); and

17   violated Cal. Bus. & Prof. Code § 17200 and the common law by engaging in

18   unlawful, unfair, and fraudulent business practices;

19   2.     Finding that Washington Newstar breached its contract with Plaintiff;

20   3.     Ordering that Defendants and, as applicable, their officers, members,

21   agents, servants, directors, employees, servants, partners, representative, assigns,

22   successors, related companies, and attorneys and all persons in active concert or

23   participation with Defendants or with any of the foregoing, be enjoined

24   preliminarily during the pendency of this action and permanently thereafter from:

25       a.     Using, promoting, advertising, publicizing, distributing, and

26   posting any of the NEWSTAR Marks for any goods or services, or any other mark,

27   name, symbol, or logo which is likely to cause confusion or to cause mistake or to

28   deceive persons into the erroneous belief that Defendants, their businesses, or their

1  goods or services are sponsored, licensed, or endorsed by Plaintiff, are authorized by
2  Plaintiff, or are connected or affiliated in some way with Plaintiff;

3            b.     Using, promoting, advertising, publicizing, distributing, and
4  posting any of the NEWSTAR Marks or any other mark, name, symbol, or logo that
5  is a copy or colorable imitation of, incorporates, is confusingly similar to, or
6  substantially indistinguishable from, the NEWSTAR Marks for any other goods or
7  services;

8            c.     Falsely implying Plaintiff's endorsement of Defendants'
9  businesses or engaging in any act or series of acts which, either alone or in
10  combination, constitutes unfair methods of competition with Plaintiff and from
11  otherwise interfering with or injuring the NEWSTAR Marks or the goodwill
12  associated with them or interfering with any of Plaintiff's licensees using the
13  NEWSTAR Marks;

14            d.     Representing or implying that Defendants are in any way
15  sponsored by, affiliated with, or endorsed or licensed by Plaintiff; or

16            e.     Knowingly assisting, inducing, aiding, or abetting any other
17  person or business entity in engaging in or performing any of the activities referred
18  to in paragraphs 3(a) to (d) above.

19      4.     Ordering that Plaintiff is the exclusive owner of the NEWSTAR Marks
20  and that such marks are valid and protectable;

21      5.     Ordering that Defendants recall from all brokers, agents, employees,
22  representatives, printers, vendors, affiliates, jobbers, and the like and deliver to
23  Plaintiff all printed graphics, promotional materials, business cards, signs, labels,
24  advertisements, flyers, circulars, and any other items in any of their possession,
25  custody, or control bearing any of the NEWSTAR Marks or any other mark, name,
26  symbol, or logo that is a copy or colorable imitation of, incorporates, or is
27  confusingly similar to, or substantially indistinguishable from, the NEWSTAR
28  Marks;

6. Granting an award of damages suffered by Plaintiff according to proof at the time of trial, including, but not limited to, liquidated damages in the amount set forth in Plaintiff's and Washington Newstar's contract at issue;

7. Ordering that Defendants account to Plaintiff for any and all profits earned as a result of Defendants' acts of infringement in violation of Plaintiff's rights under the Lanham Act, Cal. Bus. & Prof. Code § 17200, *et seq.*, and the common law;

8. Granting an award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

9. Granting an aware of statutory damages pursuant to 15 U.S.C. § 1117;

10. Granting an award of punitive damages for the willful and wanton nature of Defendants' aforesaid acts;

11. For pre-judgment interest on any recovery by Plaintiff;

12. Granting an award of Plaintiff's costs, expenses, and attorneys' fees; and

13. Granting such other and further relief as is just and proper.

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Dated: October 3, 2017      By        /s/ Jill M. Pietrini

JILL M. PIETRINI
PAUL A. BOST

Attorneys for Plaintiff
New Star Enterprises, Inc.

1

## **JURY DEMAND**

2          Plaintiff demands a trial by jury of all issues triable by jury.

3                                    Respectfully submitted,

4                                    SHEPPARD, MULLIN, RICHTER & HAMPTON
5                                    LLP

6

7   Dated:  October 3, 2017        By  _____
                                                    /s/ Jill M. Pietrini
8                                              JILL M. PIETRINI
                                               PAUL A. BOST
9

10                                            Attorneys for Plaintiff
                                          New Star Enterprises, Inc.
11

12

13   SMRH:484091525.3

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,105,969

Registered June 20, 2006

## SERVICE MARK
### PRINCIPAL REGISTER

# NEWSTAR

NEW STAR REALTY, INC. (CALIFORNIA COR-
PORATION)
3030 W. 8TH ST. SUITE 200
LOS ANGELES, CA 90005

FOR: REAL ESTATE SERVICES, NAMELY, REAL
ESTATE AGENCIES, REAL ESTATE BROKERAGE,
REAL ESTATE LISTING SERVICES, AND REAL
ESTATE ACQUISITION SERVICES; REAL ESTATE
ESCROW SERVICES; AND REAL ESTATE INVEST-
MENT SERVICES, IN CLASS 36 (U.S. CLS. 100, 101
AND 102).

FIRST USE 1-1-1990; IN COMMERCE 1-1-1990.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-431,341, FILED 6-7-2004.

COLLEEN KEARNEY, EXAMINING ATTORNEY

TSDR now includes a Post Registration Maintenance Tab. When viewing a Registered mark, users will now find a new 3rd tab providing Post Registration information next to the "Status" and "Document" tabs, below the search text box. The tab will not appear if the mark is not registered.

| STATUS | DOCUMENTS | MAINTENANCE | | Back to Search | Print |
|---|---|---|---|---|---|

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2017-10-02 19:39:35 EDT |
| **Mark:** | NEWSTAR |

NEWSTAR

| | | | |
|---|---|---|---|
| **US Serial Number:** | 78431341 | **Application Filing Date:** | Jun. 07, 2004 |
| **US Registration Number:** | 3105969 | **Registration Date:** | Jun. 20, 2006 |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |
| **TM5 Common Status Descriptor:** | | LIVE/REGISTRATION/Issued and Active | |
| | | The trademark application has been registered with the Office. | |
| **Status:** | The registration has been renewed. | | |
| **Status Date:** | Aug. 31, 2016 | | |
| **Publication Date:** | Mar. 28, 2006 | | |

### ▼ Mark Information   ▲ Collapse All

| | |
|---|---|
| **Mark Literal Elements:** | NEWSTAR |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |

### ▼ Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Real Estate Services, namely, real estate agencies, real estate brokerage, real estate listing services, and real estate acquisition services; Real Estate Escrow Services; and Real Estate Investment Services | | |
| **International Class(es):** | 036 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Jan. 01, 1990 | **Use in Commerce:** | Jan. 01, 1990 |

### ▼ Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |

| | | | |
|---|---|---|---|
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## ▼ Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | NEW STAR ENTERPRISES, INC. |
| **Owner Address:** | 3030 WEST 8TH STREET, SUITE 200 |
| | LOS ANGELES, CALIFORNIA UNITED STATES 90005 |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | CALIFORNIA |

## ▼ Attorney/Correspondence Information

**Attorney of Record**

| | | | |
|---|---|---|---|
| **Attorney Name:** | Ginam Lee | **Docket Number:** | 1854.11 |
| **Attorney Primary Email Address:** | eginam@karacterlaw.com | **Attorney Email Authorized:** | Yes |

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | NEW STAR ENTERPRISES, INC. |
| | 3030 WEST 8TH STREET, SUITE 200 |
| | LOS ANGELES, CALIFORNIA UNITED STATES 90005 |

**Domestic Representative - Not Found**

## ▼ Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Aug. 31, 2016 | NOTICE OF ACCEPTANCE OF SEC. 8 & 9 - MAILED | |
| Aug. 31, 2016 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) | 68973 |
| Aug. 31, 2016 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED | 68973 |
| Aug. 31, 2016 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 68973 |
| Jun. 08, 2016 | TEAS SECTION 8 & 9 RECEIVED | |
| Jun. 08, 2016 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Jun. 20, 2015 | COURTESY REMINDER - SEC. 8 (10-YR)/SEC. 9 E-MAILED | |
| Jun. 26, 2012 | NOTICE OF ACCEPTANCE OF SEC. 8 & 15 - E-MAILED | |
| Jun. 26, 2012 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | 70132 |
| Jun. 26, 2012 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 70132 |
| Jun. 19, 2012 | TEAS SECTION 8 & 15 RECEIVED | |
| Oct. 31, 2007 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Jun. 20, 2006 | REGISTERED-PRINCIPAL REGISTER | |
| Mar. 28, 2006 | PUBLISHED FOR OPPOSITION | |
| Mar. 08, 2006 | NOTICE OF PUBLICATION | |
| Feb. 14, 2006 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 77975 |
| Feb. 08, 2006 | ASSIGNED TO LIE | 77975 |
| Feb. 07, 2006 | ASSIGNED TO EXAMINER | 81093 |
| Jan. 20, 2006 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jan. 20, 2006 | LIE CHECKED SUSP - TO ATTY FOR ACTION | 77975 |
| Jul. 12, 2005 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | |
| Jan. 10, 2005 | LETTER OF SUSPENSION MAILED | |
| Jan. 08, 2005 | SUSPENSION LETTER WRITTEN | 77767 |

| Jan. 08, 2005 | PREVIOUS ALLOWANCE COUNT WITHDRAWN | |
| Jan. 08, 2005 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jan. 08, 2005 | ASSIGNED TO EXAMINER | 77767 |
| Jan. 07, 2005 | ASSIGNED TO EXAMINER | 78180 |
| Jun. 15, 2004 | NEW APPLICATION ENTERED IN TRAM | |

### ▼ Maintenance Filings or Post Registration Information

| | |
|---|---|
| **Affidavit of Continued Use:** | Section 8 - Accepted |
| **Affidavit of Incontestability:** | Section 15 - Accepted |
| **Renewal Date:** | Jun. 20, 2016 |

### ▼ TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | | | |
|---|---|---|---|
| **Current Location:** | GENERIC WEB UPDATE | **Date in Location:** | Aug. 31, 2016 |

### ▼ Assignment Abstract Of Title Information - Click to Load

### ▼ Proceedings - Click to Load

**Int. Cl.: 36**

**Prior U.S. Cls.: 100, 101 and 102**

**United States Patent and Trademark Office**

**Reg. No. 3,125,682**

Registered Aug. 8, 2006

## SERVICE MARK
### PRINCIPAL REGISTER



NEW STAR REALTY, INC. (CALIFORNIA COR-
PORATION)
3030 W. 8TH ST. SUITE 200
LOS ANGELES, CA 90005

FOR: REAL ESTATE SERVICES, NAMELY, REAL
ESTATE AGENCIES, REAL ESTATE BROKERAGE,
REAL ESTATE LISTING SERVICES, AND REAL
ESTATE ACQUISITION SERVICES; REAL ESTATE
ESCROW SERVICES; AND REAL ESTATE INVEST-
MENT SERVICES, IN CLASS 36 (U.S. CLS. 100, 101
AND 102).

FIRST USE 1-1-1990; IN COMMERCE 1-1-1990.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "BOO DONG SAN", APART FROM
THE MARK AS SHOWN.

THE FOREIGN WORDING IN THE MARK
TRANSLATES INTO ENGLISH AS NEW STAR RE-
ALTY.

THE NON-LATIN CHARACTER(S) IN THE
MARK TRANSLITERATES INTO NEW STAR BOO
DONG SAN, AND THIS MEANS NEW STAR RE-
ALTY IN ENGLISH.

SER. NO. 78-431,349, FILED 6-7-2004.

ANNE MADDEN, EXAMINING ATTORNEY



TSDR now includes a Post Registration Maintenance Tab. When viewing a Registered mark, users will now find a new 3rd tab providing Post Registration information next to the "Status" and "Document" tabs, below the search text box. The tab will not appear if the mark is not registered.

| STATUS | DOCUMENTS | MAINTENANCE |   | Back to Search |   | Print |

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2017-10-02 19:42:05 EDT |
| **Mark:** | 뉴스타 부동산 |

| | | | |
|---|---|---|---|
| **US Serial Number:** | 78431349 | **Application Filing Date:** | Jun. 07, 2004 |
| **US Registration Number:** | 3125682 | **Registration Date:** | Aug. 08, 2006 |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |
| **TM5 Common Status Descriptor:** | | LIVE/REGISTRATION/Issued and Active | |
| | | The trademark application has been registered with the Office. | |
| **Status:** | The registration has been renewed. | | |
| **Status Date:** | Nov. 03, 2016 | | |
| **Publication Date:** | May 16, 2006 | | |

## ▼ Mark Information                                                                 ▲ Collapse All

| | |
|---|---|
| **Mark Literal Elements:** | None |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 2 - AN ILLUSTRATION DRAWING WITHOUT ANY WORDS(S)/ LETTER(S)/NUMBER(S) |
| **Color(s) Claimed:** | Color is not claimed as a feature of the mark. |
| **Disclaimer:** | "Boo Dong San" |
| **Translation:** | The foreign wording in the mark translates into English as New Star Realty. |
| **Transliteration:** | The non-Latin character(s) in the mark transliterates into New Star Boo Dong San, and this means New Star Realty in English. |
| **Design Search Code(s):** | 28.01.03 - Asian characters; Japanese characters; Chinese characters |

## ▼ Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Real Estate Services, namely, real estate agencies, real estate brokerage, real estate listing services, and real estate acquisition services; Real Estate Escrow Services; and Real Estate Investment Services | | |
| **International Class(es):** | 036 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Jan. 01, 1990 | **Use in Commerce:** | Jan. 01, 1990 |

## ▼ Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |

| | | | |
|---|---|---|---|
| Filed 44D: | No | Currently 44D: | No |
| Filed 44E: | No | Currently 44E: | No |
| Filed 66A: | No | Currently 66A: | No |
| Filed No Basis: | No | Currently No Basis: | No |

| | |
|---|---|
| Amended 44D: | No |
| Amended 44E: | No |

## ▾ Current Owner(s) Information

| | |
|---|---|
| Owner Name: | NEW STAR ENTERPRISES, INC. |
| Owner Address: | 3030 WEST 8TH STREET, SUITE 200<br>LOS ANGELES, CALIFORNIA UNITED STATES 90005 |
| Legal Entity Type: | CORPORATION |

| | |
|---|---|
| State or Country Where Organized: | CALIFORNIA |

## ▾ Attorney/Correspondence Information

**Attorney of Record**

| | |
|---|---|
| Docket Number: | 1854.12 |

**Correspondent**

| | |
|---|---|
| Correspondent Name/Address: | NEW STAR ENTERPRISES, INC.<br>3030 WEST 8TH STREET, SUITE 200<br>LOS ANGELES, CALIFORNIA UNITED STATES 90005 |

**Domestic Representative - Not Found**

## ▾ Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Nov. 03, 2016 | NOTICE OF ACCEPTANCE OF SEC. 8 & 9 - MAILED | |
| Nov. 03, 2016 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) | 67723 |
| Nov. 03, 2016 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED | 67723 |
| Nov. 03, 2016 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 67723 |
| Aug. 22, 2016 | TEAS SECTION 8 & 9 RECEIVED | |
| Aug. 22, 2016 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Aug. 08, 2015 | COURTESY REMINDER - SEC. 8 (10-YR)/SEC. 9 E-MAILED | |
| Feb. 14, 2013 | NOTICE OF ACCEPTANCE OF SEC. 8 & 15 - E-MAILED | |
| Feb. 14, 2013 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | 77315 |
| Feb. 14, 2013 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 77315 |
| Feb. 02, 2013 | TEAS SECTION 8 & 15 RECEIVED | |
| Oct. 31, 2007 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Aug. 08, 2006 | REGISTERED-PRINCIPAL REGISTER | |
| May 16, 2006 | PUBLISHED FOR OPPOSITION | |
| Apr. 26, 2006 | NOTICE OF PUBLICATION | |
| Mar. 24, 2006 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 77976 |
| Mar. 10, 2006 | ASSIGNED TO LIE | 77976 |
| Mar. 03, 2006 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Feb. 28, 2006 | LIE CHECKED SUSP - TO ATTY FOR ACTION | 68552 |
| Aug. 26, 2005 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | 68552 |
| Feb. 07, 2005 | LETTER OF SUSPENSION MAILED | |
| Feb. 07, 2005 | SUSPENSION LETTER WRITTEN | 72613 |

| Jan. 07, 2005 | ASSIGNED TO EXAMINER | 72613 |
| Jun. 15, 2004 | NEW APPLICATION ENTERED IN TRAM | |

▼ **Maintenance Filings or Post Registration Information**

| Affidavit of Continued Use: | Section 8 - Accepted |
| Affidavit of Incontestability: | Section 15 - Accepted |
| Renewal Date: | Aug. 08, 2016 |

▼ **TM Staff and Location Information**

**TM Staff Information - None**

**File Location**

| Current Location: | GENERIC WEB UPDATE | Date in Location: | Nov. 03, 2016 |

▼ **Assignment Abstract Of Title Information - Click to Load**

▼ **Proceedings - Click to Load**

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,992,834**

**Registered July 12, 2011**

**Int. Cl.: 36**

**SERVICE MARK**

**PRINCIPAL REGISTER**

NEW STAR ENTERPRISES, INC. (CALIFORNIA CORPORATION)
# 102
861 S. WINDSOR BLVD.
LOS ANGELES, CA 90005

FOR: REAL ESTATE ACQUISITION SERVICES; REAL ESTATE AGENCIES; REAL ESTATE BROKERAGE; REAL ESTATE ESCROW SERVICES; REAL ESTATE LISTING; REAL ESTATE MANAGEMENT SERVICES; REAL ESTATE SERVICES, NAMELY, RENTAL, BROKERAGE, LEASING AND MANAGEMENT OF COMMERCIAL PROPERTY, OFFICES AND OFFICE SPACE, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-0-2008; IN COMMERCE 1-0-2008.

OWNER OF U.S. REG. NOS. 3,044,967, 3,105,969 AND OTHERS.

THE NON-LATIN CHARACTERS IN THE MARK TRANSLITERATE TO NEW SU TA BOO DONG SAN AND THIS MEANS NEW STAR REALTY & INVESTMENT IN ENGLISH.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "REALTY & INV." AND THE NON-LATIN CHARACTERS THAT TRANSLITERATE TO BOO DONG SAN, APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORD ELEMENTS "NEWSTAR" AND "REALTY & INV", WITH A CHEVRON POINTING UP OVER THE WORD "NEWSTAR", AND THE LETTER "A" IN "NEWSTAR" REPLACED WITH A STAR, KOREAN CHARACTERS SAYING "NEWSTAR REALTY & INVESTMENT" APPEAR TO THE RIGHT OF THE ENGLISH WORDING.

THE ENGLISH TRANSLATION OF NEW SU TA BOO DONG SAN IN THE MARK IS NEW STAR REALTY & INVESTMENT.

SER. NO. 85-167,116, FILED 11-2-2010.

ELIZABETH KAJUBI, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office



TSDR now includes a Post Registration Maintenance Tab. When viewing a Registered mark, users will now find a new 3rd tab providing Post Registration information next to the "Status" and "Document" tabs, below the search text box. The tab will not appear if the mark is not registered.

| STATUS | DOCUMENTS | MAINTENANCE | | Back to Search | Print |

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2017-10-02 19:43:28 EDT |
| **Mark:** | NEWSTAR REALTY & INV. |

| | | | |
|---|---|---|---|
| **US Serial Number:** | 85167116 | **Application Filing Date:** | Nov. 02, 2010 |
| **US Registration Number:** | 3992834 | **Registration Date:** | Jul. 12, 2011 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |
| **TM5 Common Status Descriptor:** | | LIVE/REGISTRATION/Issued and Active | |
| | | The trademark application has been registered with the Office. | |
| **Status:** | A Sections 8 and 15 combined declaration has been accepted and acknowledged. | | |
| **Status Date:** | Oct. 26, 2016 | | |
| **Publication Date:** | Apr. 26, 2011 | | |

## ▼ Mark Information

Collapse All

| | |
|---|---|
| **Mark Literal Elements:** | NEWSTAR REALTY & INV. |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S)/NUMBER(S) |
| **Description of Mark:** | The mark consists of the word elements "NEWSTAR" and "REALTY & INV", with a chevron pointing up over the word "NEWSTAR", and the letter "A" in "NEWSTAR" replaced with a star, Korean characters saying "NEWSTAR REALTY & INVESTMENT" appear to the right of the English wording. |
| **Color(s) Claimed:** | Color is not claimed as a feature of the mark. |
| **Disclaimer:** | "REALTY & INV." AND THE NON-LATIN CHARACTERS THAT TRANSLITERATE TO BOO DONG SAN |
| **Translation:** | The English translation of New Su Ta Boo Dong San in the mark is NEW STAR REALTY & INVESTMENT. |
| **Transliteration:** | The non-Latin characters in the mark transliterate to New Su Ta Boo Dong San and this means NEW STAR REALTY & INVESTMENT in English. |
| **Design Search Code(s):** | 01.01.03 - Star - a single star with five points |
| | 26.17.12 - Chevrons; Angles (geometric) |
| | 26.17.13 - Letters or words underlined and/or overlined by one or more strokes or lines; Overlined words or letters; Underlined words or letters |
| | 27.01.04 - Objects composed of letters or numerals; Numbers forming objects; Punctuation forming objects; Letters forming objects |
| | 28.01.03 - Chinese characters; Japanese characters; Asian characters |

## ▼ Related Properties Information

| | |
|---|---|
| **Claimed Ownership of US Registrations:** | 3044967, 3100015, 3105969 and others |

## ▼ Goods and Services

**Note:**

The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | |
|---|---|
| **For:** | Real estate acquisition services; Real estate agencies; Real estate brokerage; Real estate escrow services; Real estate listing; Real estate management services; Real estate services, namely, rental, brokerage, leasing and management of commercial property, offices and office space |
| **International Class(es):** | 036 - Primary Class |
| **Class Status:** | ACTIVE |
| **Basis:** | 1(a) |
| **First Use:** | Jan. 2008 |

| | |
|---|---|
| **U.S Class(es):** | 100, 101, 102 |
| **Use in Commerce:** | Jan. 2008 |

## ▼ Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## ▼ Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | New Star Enterprises, Inc. |
| **Owner Address:** | 3030 WEST 8TH STREET SUITE 200 Los Angeles, CALIFORNIA UNITED STATES 90005 |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | CALIFORNIA |

## ▼ Attorney/Correspondence Information

**Attorney of Record**

| | |
|---|---|
| **Attorney Name:** | Ginam Lee |
| **Attorney Primary Email Address:** | eginam@karacterlaw.com |
| **Attorney Email Authorized:** | No |

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | New Star Enterprises, Inc. 3030 WEST 8TH STREET SUITE 200 LOS ANGELES, CALIFORNIA UNITED STATES 90005 |

**Domestic Representative - Not Found**

## ▼ Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Oct. 26, 2016 | NOTICE OF ACCEPTANCE OF SEC. 8 & 15 - MAILED | |
| Oct. 26, 2016 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | 69471 |
| Oct. 26, 2016 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 69471 |
| Aug. 19, 2016 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Aug. 19, 2016 | TEAS SECTION 8 & 15 RECEIVED | |
| Jul. 12, 2011 | REGISTERED-PRINCIPAL REGISTER | |
| Apr. 26, 2011 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Apr. 26, 2011 | PUBLISHED FOR OPPOSITION | |
| Mar. 24, 2011 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 70138 |
| Mar. 24, 2011 | ASSIGNED TO LIE | 70138 |
| Mar. 08, 2011 | APPROVED FOR PUB - PRINCIPAL REGISTER | |

| Mar. 02, 2011 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Mar. 02, 2011 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Mar. 02, 2011 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Feb. 17, 2011 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| Feb. 17, 2011 | NON-FINAL ACTION E-MAILED | 6325 |
| Feb. 17, 2011 | NON-FINAL ACTION WRITTEN | 83280 |
| Feb. 10, 2011 | ASSIGNED TO EXAMINER | 83280 |
| Nov. 06, 2010 | NOTICE OF DESIGN SEARCH CODE AND PSEUDO MARK MAILED | |
| Nov. 05, 2010 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Nov. 05, 2010 | NEW APPLICATION ENTERED IN TRAM | |

## ▼ Maintenance Filings or Post Registration Information

**Affidavit of Continued Use:** Section 8 - Accepted

**Affidavit of Incontestability:** Section 15 - Accepted

## ▼ TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| **Current Location:** | TMEG LAW OFFICE 107 | **Date in Location:** | Oct. 26, 2016 |

## ▼ Assignment Abstract Of Title Information - Click to Load

## ▼ Proceedings - Click to Load

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,012,051**

**Registered Aug. 02, 2016**

**Int. Cl.: 36**

**Service Mark**

**Principal Register**

New Star Enterprises, Inc. (CALIFORNIA CORPORATION)
3030 W. 8th Street, Suite 200
Los Angeles, CA 90005

CLASS 36: Real Estate Services, namely, real estate agencies, real estate brokerage, real estate listing services, and real estate acquisition services; Real Estate Escrow Services, and Real Estate Investment Services

FIRST USE 10-13-2011; IN COMMERCE 10-13-2011

The mark consists of the term "NEWSTAR", with a chevron pointing up over the word "NEWSTAR," and a line underlining the word. The letter "A" in "NEWSTAR" is replaced with a star.

SER. NO. 86-833,946, FILED 11-30-2015

BRIN ANDERSON DESAI, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office



TSDR now includes a Post Registration Maintenance Tab. When viewing a Registered mark, users will now find a new 3rd tab providing Post Registration information next to the "Status" and "Document" tabs, below the search text box. The tab will not appear if the mark is not registered.

| STATUS | DOCUMENTS | MAINTENANCE | | Back to Search | Print |
|---|---|---|---|---|---|

**Generated on:** This page was generated by TSDR on 2017-10-02 19:47:29 EDT

**Mark:** NEWSTAR

**US Serial Number:** 86833946     **Application Filing Date:** Nov. 30, 2015

**US Registration Number:** 5012051     **Registration Date:** Aug. 02, 2016

**Register:** Principal

**Mark Type:** Service Mark

**TM5 Common Status Descriptor:** LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** Registered. The registration date is used to determine when post-registration maintenance documents are due.

**Status Date:** Aug. 02, 2016

**Publication Date:** May 17, 2016

## ▼ Mark Information

▲ Collapse All

**Mark Literal Elements:** NEWSTAR

**Standard Character Claim:** No

**Mark Drawing Type:** 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S)/NUMBER(S)

**Description of Mark:** The mark consists of the term "NEWSTAR," with a chevron pointing up over the word "NEWSTAR," and a line underlining the word. The letter "A" in "NEWSTAR" is replaced with a star.

**Color(s) Claimed:** Color is not claimed as a feature of the mark.

**Design Search Code(s):** 01.01.03 - Star - a single star with five points
26.17.01 - Bands, straight; Bars, straight; Lines, straight; Straight line(s), band(s) or bar(s)
26.17.05 - Bands, horizontal; Lines, horizontal; Horizontal line(s), band(s) or bar(s); Bars, horizontal
26.17.12 - Angles (geometric); Chevrons
27.03.05 - Objects forming letters or numerals

## ▼ Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Real Estate Services, namely, real estate agencies, real estate brokerage, real estate listing services, and real estate acquisition services; Real Estate Escrow Services, and Real Estate Investment Services

**International Class(es):** 036 - Primary Class     **U.S Class(es):** 100, 101, 102

**Class Status:** ACTIVE

**Basis:** 1(a)

**First Use:** Oct. 13, 2011     **Use in Commerce:** Oct. 13, 2011

## ▼ Basis Information (Case Level)

| **Filed Use:** Yes | **Currently Use:** Yes | **Amended Use:** No |
|---|---|---|
| **Filed ITU:** No | **Currently ITU:** No | **Amended ITU:** No |

| | | |
|---|---|---|
| **Filed 44D:** No | **Currently 44D:** No | **Amended 44D:** No |
| **Filed 44E:** No | **Currently 44E:** No | **Amended 44E:** No |
| **Filed 66A:** No | **Currently 66A:** No | |
| **Filed No Basis:** No | **Currently No Basis:** No | |

## ▼ Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | New Star Enterprises, Inc. |
| **Owner Address:** | 3030 W. 8th Street, Suite 200<br>Los Angeles, CALIFORNIA UNITED STATES 90005 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | CALIFORNIA |

## ▼ Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Gi Nam Lee | | |
| **Attorney Primary Email Address:** | ginam.lee@legacyprolaw.com | **Attorney Email Authorized:** | Yes |

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | GI NAM LEE<br>LEGACY PRO LAW, PC<br>3600 WILSHIRE BLVD., SUITE 1510<br>LOS ANGELES, CALIFORNIA UNITED STATES 90010 |
| **Phone:** (213) 382-8051 | **Fax:** (866) 203-0408 |
| **Correspondent e-mail:** ginam.lee@legacyprolaw.com<br>eginam@gmail.com<br>matthew.im@legacyprolaw.com<br>laura.choi@legacyprolaw.com | **Correspondent e-mail Authorized:** Yes |

**Domestic Representative - Not Found**

## ▼ Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Aug. 02, 2016 | REGISTERED-PRINCIPAL REGISTER | |
| May 17, 2016 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| May 17, 2016 | PUBLISHED FOR OPPOSITION | |
| Apr. 27, 2016 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Mar. 27, 2016 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Mar. 27, 2016 | EXAMINER'S AMENDMENT ENTERED | 88888 |
| Mar. 27, 2016 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 6328 |
| Mar. 27, 2016 | EXAMINERS AMENDMENT E-MAILED | 6328 |
| Mar. 27, 2016 | EXAMINERS AMENDMENT -WRITTEN | 90287 |
| Mar. 18, 2016 | ASSIGNED TO EXAMINER | 90287 |
| Dec. 04, 2015 | NOTICE OF DESIGN SEARCH CODE AND PSEUDO MARK E-MAILED | |
| Dec. 03, 2015 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Dec. 03, 2015 | NEW APPLICATION ENTERED IN TRAM | |

## ▼ TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| Current Location: | PUBLICATION AND ISSUE SECTION | Date in Location: | Aug. 02, 2016 |

▼ **Assignment Abstract Of Title Information - Click to Load**

▼ **Proceedings - Click to Load**

# EXHIBIT B

Case 2:17-cv-07270-AS   Document 1   Filed 10/03/17   Page 38 of 65   Page ID #:38

# DPOR License Lookup License Number 0226006346

## License Details

| | |
|---|---|
| **Name** | NEW STAR REALTY & INVESTMENT CORP |
| **DBA Name** | WASHINGTON NEWSTAR REALTY & INVESTMENT |
| **License Number** | 0226006346 |
| **License Description** | Real Estate Firm License |
| **Rank** | Firm License |
| **Address** | 8408 ARLINGTON BLVD, FAIRFAX, VA 22031 |
| **Initial Certification Date** | 2001-10-11 |
| **Expiration Date** | 2017-10-31 |
| **In Charge Of** | OH, KYUNGSOON |

## Related Licenses [1]

Filter:

| License Number | License Holder Name | License Type | Relation Type | License Expiry |
|---|---|---|---|---|
| 0225057157 | OH, MOON SUK | Real Estate Individual | Associate Broker | 2018-06-30 |
| 0225059631 | LAURI, UNSON | Real Estate Individual | Associate Broker | 2018-06-30 |
| 0225060937 | LEE, JAE HEE | Real Estate Individual | Associate Broker | 2017-10-31 |
| 0225062598 | LEE, JUNE SE | Real Estate Individual | Associate Broker | 2019-01-31 |
| 0225064201 | CHOI, SEUNG YON | Real Estate Individual | Associate Broker | 2018-03-31 |
| 0225064954 | OH, KYUNGSOON | Real Estate Individual | Principal Broker | 2019-04-30 |
| 0225065194 | YEO, BEOM-GU | Real Estate Individual | Firm - Salesperson | 2018-05-31 |

| License Number | License Holder Name | License Type | Relation Type | License Expiry |
|---|---|---|---|---|
| 0225072834 | LEE, PETER CHOL | Real Estate Individual | Firm - Salesperson | 2019-06-30 |
| 0225072875 | LEE, MI SEON | Real Estate Individual | Firm - Salesperson | 2019-06-30 |
| 0225073875 | SON, JUNGIM | Real Estate Individual | Firm - Salesperson | 2019-07-31 |

Showing 1 to 10 of 68 entries

Previous  1  2  3  4  5  6  7  Next

1    The data located on this website are not the public records of the Department of Professional and Occupational Regulation (DPOR). All public records are physically located at DPOR's Public Records Section: 9960 Mayland Drive, Suite 400, Richmond, VA 23233. While DPOR works to ensure the accuracy of the data provided online, the data available on these pages are updated routinely but may not be up to date at all times (due to document processing delays, technical maintenance, etc.).

DPOR assumes no liability for any errors, omissions, or inaccuracies in the information provided or for any reliance on data provided online. While DPOR has attempted to ensure that the data contained herein are accurate and reflect the status of its regulants, DPOR makes no warranties, expressed or implied, concerning the accuracy, completeness, reliability, or suitability of this data. If discrepancies or errors are discovered, please inform the Broker and DPOR so that appropriate action may be taken.

The data located on this website are not the public records of the Department of Professional and Occupational Regulation (DPOR). All public records are physically located at DPOR's Public Records Section: 9960 Mayland Drive, Suite 400, Richmond, VA 23233. While DPOR works to ensure the accuracy of the data provided online, the data available on these pages are updated routinely but may not be up to date at all times (due to document processing delays, technical maintenance, etc.).

DPOR assumes no liability for any errors, omissions, or inaccuracies in the information provided or for any reliance on data provided online. While DPOR has attempted to ensure that the data contained herein are accurate and reflect the status of its regulants, DPOR makes no warranties, expressed or implied, concerning the accuracy, completeness, reliability, or suitability of this data. If discrepancies or errors are discovered, please inform DPOR so that appropriate action may be taken.

DPOR License Lookup build 1,198 (built 2017-07-13 02:34:41).

License Details    Related Licenses    Continuing Education    Complaints

| | |
|---|---|
| **Name** | OH, KYUNGSOON |
| **DBA Name** | SUSAN OH |
| **License Number** | 0225064954 |
| **License Description** | Real Estate Individual |
| **Status** | Active |
| **Rank** | Broker License |
| **Broker Type** | Principal Broker License |
| **Address** | MC LEAN, VA 22102 |
| **Initial Certification Date** | 2002-05-20 |
| **Expiration Date** | 2019-04-30 |

The license information in this application was last updated at Mon Oct 02 02:50:19 EDT.

License Lookup legal disclaimer

EXHIBIT C

# New Star Franchise (가) 계약서

New Star Franchise를 결성·운영하는 비즈니스와 관련, Franchisor인 New Star 부동산 투자그룹(이하 A라 약칭)과 Franchisee들 중 하나인 NEW STAR Washington(이하 B라 약칭)는 상호 공생공영을 위해 다음과 같이 합의한다.

1. A는 B의 비즈니스 활성화와 상호 비즈니스 정보 교환 등을 위해 매년 1회씩 각 지역 순회 convention 및 seminar를 개최한다.

2. A는 B를 위해 전문적인 service system과 효과적인 sales training program을 제공한다.

3. A는 B를 위해 연간 300개 이상의 New Star listing을 제공한다.

4. A는 B를 위해 New Star Franchise의 이미지를 제공하는 광고를 주요 일간지들에 연간 36회 이상 게재한다.

5. A는 B가 효과적인 Marketing 활동을 할 수 있도록 적극 지원한다.

6. A는 B가 등기. 세무. 법률. 융자 알선 등 상담 및 서비스의 one stop shopping을 할 수 있도록 적극 지원한다.

7. A는 B가 전체 Franchise 및 그 Agent들을 대상으로 다양한 포상제도를 운영하는데 적극 협조한다.

8. A는 B는 전체 Franchise 및 그 Agent들을 대상으로 다양한 포상제도를 운영하는데 적극협조 한다.

9. A는 B는 전체 Franchise 사무실들과 함께 부동산 거래 시스템을 공동 사용 및 공유하는데 적극 협조한다.

10. A는 B는 상호 Referral system을 개발. 활용하는데 적극 협조한다.

11. A는 B는 그밖에도 상호 필요하고 유익하다고 판단되는 업무들을 협의. 지원하는데 적극 협조한다.

12. 이에 대해 B는 소정의 Franchise 가입fee $5,000 (Five Thousand

Dollars)와 일정한 commission에 대한 할당 Fee를 A에게 납부하고 New Star Franchise 정관 및 규정 등을 준수하며 Franchise내 현안들과 관련, A 및 각 Franchise들과 상호협의, 해결하는데 힘쓴다.

14. Franchisee는 교육의 내실을 기하기 위해 Franchisor에게 세미나, 컨퍼런스 system 교육의 비용으로 년 $1,000을 지불하고, Franchise System 의 새로운 개발과 활성화를 위해 매 딜마다 $200을 지불하며, 일반 경비는 수익자 부담으로 한다.

15. 12항 관련, B는 각 Franchisee들과 상호협조 함은 물론, 만약 New Star Franchise를 탈퇴할 때도 6개월 전에 상호승인을 받아야 하며 ERA DEAL 에 관련된 것은 그 딜이 완전히 끝날 때까지 유효하다.

16. 이 계약은 상호합의 사항으로서 5년을 기본 계약 단위로 하고 이 기간동 안에는 임의 탈퇴할 수 없으며 5년 기간이 끝나기 6개월 전에 재계약을 확 인해야 한다. 근본적으로 5년계약을 해제할 경우 잔여기간의 Franchise 계약 상의 모든 비용을 지불해야 하며 모든 법률적 비용을 해제자가 책임져야 한다.

17. 또한 B는 자체 비즈니스 Sign판 및 자체 광고에 New Star Franchise의 Logo를 게시 및 게재함으로써 Franchisee로서의 책임과 의무를 다한다.

2001년 9월 2일

A를 대표하며
뉴스타 부동산 그룹 대표 남문기

B를 대표하며
뉴스타 대표 오 문 선
의성돈

# New Star Franchise (Provisional) Agreement

This Agreement is made between New Star Realty & Investment Inc., the Franchisor ("A"), and <u>NewStar Washington</u>, one of the Franchisees ("B"), on the following mutual understandings and agreements, regarding the business of organizing and operating New Star Franchise.

1. A provides a regional tour annually, once a year, for holding conventions and/or seminars, in order to invigorate the business and exchange business information.
2. A provides B with a professional service system and an effective sales training program.
3. A provides B with more than three-hundred times of New Star listings per year.
4. A runs advertisements containing the image of New Star Franchise for B in the leading newspapers more than thirty-six times per year.
5. A actively supports B in B's effective marketing activities.
6. A actively supports B in providing the one stop consultation services such as registration, tax affairs, legal affairs, loan facilitation and so on.
7. A actively cooperates with B in operating a variety of reward programs for the whole Franchise and their Agents.
8. A actively cooperates with B in operating a variety of reward programs for the whole Franchise and their Agents.
9. A actively cooperates with B in using and sharing the real estate trade system with the whole franchise offices.
10. A actively cooperates with B in developing and utilizing the mutual Referral system.
11. A actively cooperates with B in supporting and discussing in regards to the tasks required and beneficial for both parties.
12. Base on the understandings above, B pays A a Franchise registration fee in the amount of $5,000(Five Thousand Dollars) and also the certain amount of Commission Fee. B does its best to comply with the rules and policies of the New Star Franchise and to discuss with A and each Franchisees to resolve any issues within the Franchise.
14. In order to ensure internal stability of education, the Franchisee pays the Franchisor $1,000(One Thousand Dollars) per year for seminars and conference system trainings, and $200 per month for development and activation of Franchise System. Those who will benefit have to bear the general cost.
15. Regarding the Para 12, B shall cooperate with each Franchisee, and, in case of B's termination with the New Star Franchise, it shall have the mutual approval six month prior to the termination. The ERA DEAL remains in effect until the deal completely ends.

16. This Agreement is mutually agreed and has five-yar-term, where both parties are not allowed to terminate without the other party's consent during the term of five years. Both parties shall confirm the other party's intention of renewal six month prior to the expiration of this Agreement. If a party terminates the Agreement within the term of five years, the terminating party shall pay all costs to be charged under the Franchise Agreement for the remaining term and the terminating party shall pay all legal fees.

17. B shall fulfill its duties and responsibilities as a Franchisee by inserting the New Star Franchise's logo on its business signs and advertisements.

**September 26, 2001**

**Representing A,**

**<u>Signature</u>**

**Nam, Moon Ki**

**CEO, New Star Realty & Investment Inc.**

**Representing B,**

**<u>Signature</u>**

**Oh, Moon Suk**

**CEO, NewStar Washington**

EXHIBIT D

# New Star Franchise (가)계약서

## 1. 계약의 당사자

이 프랜차이즈 계약은 Franchisor인 New Star Realty & Investment, Inc.(New Star) Washington D.C. Metropolitan area (Maryland, Washington D.C. and Virginia) [Franchisee의 법적 이름](이하 Franchisee)간에 이루어지는 계약이다.

## 2. 서문

2.1 소유권.   New Star는 스스로가 일상적인 사업의 과정에서 이용하는 New Star 상호, 상표, 심볼 등을 포함한 지적재산권을 소유하고 있다.

2.2 계약의 목적. New Star는 Franchisee에게 New Star의 상표, 상호, 시스템 및 영업기밀 등을 하기의 조건에 따라 이용하는 프랜차이즈 권리를 부여하고 Franchisee는 이를 받아들인다.

## 3. 용어의 정의

3.1 계약. "계약"은 본 프랜차이즈 계약을 의미한다.

3.2 커미션 수입. "커미션 수입"은 New Star 상호, 상표, 시스템 등과 관련하여 부동산 중개 서비스를 제공한 대가로 Franchisee가 받은 금액을 뜻한다.

## 4. 프랜차이즈의 공여

4.1 공여. New Star는 Washington D.C. Metropolitan area (D.C., MD, VA)에서 New Star 상호, 상표 및 시스템을 이용하여 프랜차이즈 사무실을 운영하는 권리를 공여한다. (단, ERA마크는 공여하지 않는다.)

4.2  New Star는 이 계약에서 제공하지 않는 상표, 상호 및 시스템에 대한 모든 권리를 유지하며, 협약한 지역 이외의 어떤 장소에서든 제3자에게 프랜차이즈 권리를 공여할 권리를 가진다. (단, ERA마크는 공여하지 않는다.)

4.3 Sub franchising. Franchisee가 Washington D.C. Metropolitan area 에서 Sub franchising을 할 경우 New Star의 사전 통보를 해야한다.

## 5. Franchisee의 권리

5.1  Franchisee는  New  Star로부터 부동산 거래에 관한 정보 및

시스템을 사용할 권리를 가진다. Franchisee가 이용할 수 있는 정보 및 시스템은 New Star가 직접 소유하는 정보 및 시스템 뿐만 아니라 다른 Franchisee가 소유하고 있는 정보 및 시스템을 포함한다.

5.2    Franchisee는 Washington D.C. Metropolitan Area 내에서 스스로의 비용으로 사무실을 확장할 수 있다.   단, 이는 New Star 의 사전 서면으로 통보를 해야 한다.

5.3   Franchisee는 New Star에게 상호 필요하고 유익하다고 판단되는 업무들에 대한 협의와 지원을 요청할 수 있다.

## 6. Franchisee의 의무

6.1 감사. New Star는 이 계약상의 납부금이 정확하게 이루어졌는지를 확인하기 위한 목적으로 Franchisee에 대한 감사를 행할 수 있다.   감사는 1년에 최대 4 회 수 행할 수 있으며,   감사가 있기 전 최소   2주일 전에   New Star는 Franchisee에게 서면상의 통보를 해야 한다.   New Star의 감사 통보가 있을 경우 Franchisee는 감사에 차질없는 준비를 해야 한다.

6.2 Franchisee는 New Star Franchise 정관 및 규정 등을 준수하며 정관 규정 내에서 상호 협력한다.

6.3 Franchisee는 E&O 보험에 가입해야 한다.

## 7. New Star의 의무

7.1 New Star는 Franchisee가 효과적인 Marketing을 할 수 있도록 적극 지원한다.

7.2 New Star는 비즈니스 정보 교환 및 Franchisee 브로커, 에이전트 교육을 위해 매년 1회씩 각 지역 순회 New Star Convention 및 Seminar를 개최하는 것을 원칙으로 한다. 하지만 가급적 전국 단위로 일년에 한번씩 전국적 모임(Rally)를 개최할 수 있다. 비용은 개별 부담으로 한다.

7.3 New Star는 Franchisee에게 연간 300개 이상의 New Star Listing을 제공하도록 노력한다.

7.4 New Star는 회사의 홍보 효과를 극대화하기 위해 Website "http://www.newstarrealty.com"을 운영한다.

## 8. 계약기간과 갱신

8.1 계약기간. 이 계약은 2006년 1월 1일부터 2010년 12월 31일까지 5년간 유효하다.

8.2 계약의 종료. New Star나 Franchisee중 일방은 5년의 계약기간이 끝나기 6개월 전에 서면으로 계약의 종료를 통보함으로써 계약을 종료할 수 있다.

8.3 계약의 갱신. 계약의 종료를 8.2절에 따라 통보하지 않으면 이 계약이 같은 조건에 따라 갱신되는 것으로 한다.

8.4 계약의 종료와 결제. 8.2절에 따라 계약이 종료될 때,

Franchisee는 이 프랜차이즈 계약에 따른 모든 납부금을 정산하고 납부해야 하며, 모든 법률적 비용을 계약을 종료하기를 희망하는 당사자가 부담한다.

8.5 계약의 해지. 5년의 계약기간이 만료되기 전에 계약을 해지하려는 경우, 계약 해지를 희망하는 당사자가 계약해지일보다 6개월 이전에 계약 해지 의사를 상대방에게 통보해야 한다.

8.6 계약 해지에 따른 납부금과 비용. 계약 해지일까지 프랜차이즈 계약에 명시된 모든 납부금은 전액 납부하여야 하며, 계약 해지일이 포함된 달의 일수가 그 달의 전체 일수에 미치지 못할 경우에는 일할 계산하여 납부한다.  계약 해지와 관련된 모든 법적 비용은 계약 해지를 희망하는 당사자가 부담한다.

8.7 New Star 상호, 상표 사용의 금지. 계약이 만료 되었거나 어떤 조건에서든지 계약이 해지 되었을 경우, 만료 혹은 해지일로부터 30일 이후부터 New Star 상호 및 상표를 쓸 수 없다. 이를 위반하는 경우, Franchisee는 New Star에게 월 $10,000.00의 손해배상 책임을 가진다.


# 9. 교육 및 지원


9.1 캘리포니아 주법과 Washington D.C. Metropolitan area 법이 다른 것을 감안하여 정기적인 교육은 시행하지 않으나 필요에 따라 Franchisee 가

요청하면 CEO 나 New Star 교육부에서 know how 전수를 위해 방문 교육을 할 수 있다. 이 때 소요경비는 Franchisee 가 부담한다.

9.2 New Star는 Franchise System의 새로운 개발, 전국 뉴스타 프랜차이즈의 단합과 활성화를 위해 Franchise System 담당부서를 운영한다.

## 10. 홍보

10.1 New Star 는 Franchisee 를 위해 New Star Franchise 의 이미지를 제고하는 광고를 주요 광고매체, 일간지에 T.V., Radio, 신문에 게재하도록 노력한다.

10.2 Franchisee는 각종 Form 및 자체 광고에 New Star Franchise의 Logo를 반드시 사용해야 하며 Franchisee로서 책임과 의무를 다한다.

## 11. Franchisee의 납부금

11.1 뉴스타 Washington D.C. Metropolitan Area 지사는 본 계약기간 1/1/2006 부터 12/31/2010까지의 기간내에 년간 4만불을 Flat Fee로 뉴스타 부동산 투자그룹에 지급한다.

11.2 Washington D.C. Metropolitan Area (Virginia, Maryland, Washington D.C. ) 지사는 기존의 브랜치 이외 다른 신규 브랜치를 오픈할 때마다 뉴스타 부동산 투자그룹에 별도의 ($5,000 ) Initial Franchise Fee를

지급한다. 기존에 있는 Branch 외에 별도의 1년 납부금으로 $10,000 의 로열티 가격이 첨부 되며 이 로열티 Fee는 매달 $833.33 의 수수료로 나뉘어 Pay 할수 있다.

11.3 감사. New Star는 로얄티의 납부와 관련하여 언제든지 Franchisee를 감사할 수 있다.

## 12. 책임의 제한

12.1 New Star는 Franchisee가 소유한 비즈니스상의 금전 및 법률적 손상 손해에 대해 책임이 없으며, Franchisee의 영업과 관련하여 발생한 법률상의 배상책임, E&O 책임, 보험상의 책임 등의 문제는 Franchisee가 전적으로 책임을 진다.

## 13. 기밀 조건

13.1 뉴스타 부동산에서 얻은 기밀이나 부동산 및 일반 정보나 Know-How는 신문이나 Radio등 언론이나 공공에 발표할 수 없다.

13.2 어떤 이유에서든 쌍방간 계약이 해지된 후 비방하거나 회사 운영에 부담이 되는 어떤것도 발설해서는 안된다.

_____          _____
**(Signature)**                           **(Date)**     07-28-05

뉴스타 부동산 그룹


_____          _____
**(Signature)**                           **(Date)**     08-05-05


**Franchisee**를 대표하여

_New star Realty In._대표   _Oh, MOON SUK_
   **(회사)**                **(성명)**

# NEW STAR FRANCHISE
# (PROVISIONAL) CONTRACT

## 1. PARTIES TO THE CONTRACT

This FRANCHISE CONTRACT ("Contract") is made between New Star Realty & Investment Inc., the Franchisor ("New Star"), and Washington D.C. Metropolitan area (Maryland, Washington D.C. and Virginia) [legal name of the Franchisee] (the "Franchisee").

## 2. PREFACE

2.1 Ownership.  New Star owns its intellectual property rights on the company's name, trademarks, symbols and so on, which are utilized on the regular business operation.

2.2 Purpose of the Contract.  New Star offers the Franchisee the Franchise Right of using the New Star's name, trademarks, system and trade secrets on the conditions below, and the Franchisee accepts this.

## 3. DEFINITION OF TERMS

3.1 Contract.  "Contract" means this New Star Franchise Contract.

3.2 Commission Revenue. "Commission Revenue" means the amount of money the Franchisee receives in return for the real estate brokerage service using New Star's company name, trademarks, and system.

## 4. PROVISIONS OF FRANCHISE

4.1 Provisions.  New Star provides rights to operate franchise offices using New Star's name, trademarks, and system within Washington D.C. Metropolitan area (D.C., MD, VA). (ERA mark is not provided.)

4.2 New Star maintains every rights in the trademarks, company name and the system, which are not offered in this Contract and also has rights to provide the franchise rights to a

third-party in everywhere other than the area agreed in this Contract. (ERA mark is not provided)

4.3 Sub Franchising.   In case of Franchisee's sub franchising in Washington D.C. Metropolitan area, the Franchisee shall notice New Star in advance.

# 5. RIGHTS OF THE FRANCHISEE

5.1. The Franchisee receives rights from New Star to use the information and the system regarding the real estate trade. The information and the system include not only the ones New Star directly owns but also the ones the other franchisees own.

5.2. The Franchisee may expand its offices in Washington D.C. Metropolitan area on its own expense. However, it shall make an advance written notice to New Star.

5.3. The Franchisee may request support and cooperation to New Star for the tasks required and beneficial to both parties.

# 6. DUTIES OF THE FRANCHISEE

6.1. Audit.  New Star may perform an audit on purpose of confirming the fee payments agreed on the Contract are being paid appropriately. Audit may be performed four times per year at most, and New Star shall notify it to the Franchisee in writing, at least 2 weeks before the audit. When the notification is made, the Franchisee shall prepare thoroughly for the audit.

6.2. The Franchisee complies with the rules and policies of the New Star Franchise and parties cooperate mutually accordingly.

6.3. The Franchisee shall apply for E&O insurance.

# 7. DUTIES OF NEW STAR

7.1. New Star actively supports the Franchisee in performing effective marketing activities.

7.2. New Star provides a regional tour annually, once a year, for holding conventions and/or seminars, for the exchange of business information and the trainings of the Franchisee brokers and agents. If possible, New Star holds an annual national rally, where the cost will be bore individually.

7.3. New Star does its best to provide the Franchisee with more than three-hundred New Star Listings per year.

7.4. New stars runs the Website, "http://www.newstarrealty.com" to maximize its promotional effect.

# 8. DURATION AND RENEWAL OF CONTRACT

8.1 Term of Contract.   The Contract is valid for five years from January 1, 2006 to December 31, 2010.

8.2 Expiration of Contract. This Contract will be expired by a written notice made by either party 6 month prior to the expiration of the 5 year-term.

8.3. Renewal of Contract.  If neither parties do not make a written notice according to the Para 8.2., the Contract will be renewed on the same conditions.

8.4. Expiration of Contract and Payment.  In case the Contract expires according to the Para 8.2., the Franchisee shall pay all of the remaining payments to be charged on this Contract and the terminating party shall bear all legal costs.

8.5. Termination of Contract.  If a party wants to terminate the Contract within the five year-term, the terminating party shall notify the other, 6 months prior to the termination date.

8.6. Remaining Payments and Costs.  The terminating party shall pay all of the remaining payments to be charged on the Contract. If the termination date doesn't reach the end of the month, the terminating party shall pay pro rata amount for the days in the month. The terminating party shall pay all legal costs related with the termination.

8.7. Forbiddance of Using New Star's Company Name and Trademarks.  In case the Contract is expired or terminated on any conditions, New Star's company name and trademarks shall not be used 30 days after the date of expiration or termination. In case of violation this section, the Franchisee shall be liable for the damages of $10,000.00 per month to New Star.

# 9. EDUCATION AND SUPPORT

9.1. Considering the differences between California State law and Washington D.C. Metropolitan area law, regular trainings are not offered. However, if the Franchisee asks for training as necessary, New Star's education department may visit for training of its know-how, where the cost will be bore by the Franchisee.

9.2. New Star runs a Franchise System Department in charge of developing of Franchise System and invigorating of the New Star Franchise.

# 10. PROMOTION

10.1 New Star does its best to run advertisements containing image of New Star Franchise for the Franchisee, in the leading advertisement media, dailies, T.V., radio and newspapers.

10.2. The Franchisee shall fulfill its duties and responsibilities as a Franchisee by inserting the New Star Franchise's logo on its business forms and advertisements.

# 11. PAYMENTS OF THE FRANCHISEE

11.1 New Star Washington D.C. Metropolitan Area office shall pay New Star Realty & Investment Inc. the amount of $40,000 (Forty Thousand Dollars) per year as the Flat Fee from 01/01/2016 to 12/31/2010.

11.2 New Star Washington D.C. Metropolitan Area (Virginia, Maryland, Washington D.C.) office shall pay New Star Realty & Investment Inc. additional Initial Franchisee Fee (of $5,000), in case it opens a new additional branch. The royalty fee of $10,000 per year will be added for the new branch, and this fee may be paid as $833.33 per month.

11.3 Audit.  New Star can perform an audit on Franchisee at any time regarding the payment of the royalty fee.

# 12. LIMITAITON OF RESPONSIBILITIES

12.1 New Star shall not be liable for financial and legal damages which the Franchisee may hold, and the Franchisee is solely liable for the legal damages, E&O liability and Insurance liability incurred in Franchisee's business operation.

# 13. CONFIDENTILIATY

13.1 The confidential information, real estate and general information and know-hows acquired from New Star shall not be announced on any radios, newspapers or press, or in public.

13.2 On any conditions, slandering or leakage of information, which may cause burdens for the company, are strictly forbidden.

**New Star Realty & Investment, Inc.**

<u>(Signature)</u>          <u> 08-05-05 (Date)</u>

<u>(Signature)</u>          <u> 08-05-05 (Date)</u>

**Representing the Franchisees**

<u>New Star Realty Inc.</u>     CEO <u>Oh, Moon Suk</u>

(Company)               (Name)

# EXHIBIT E

**WAYNE YEE**
Attorney at Law
3030 West Eighth Street Ste 405
Los Angeles, CA 90005

(213) 716-6635

October 20, 2015

SUSAN OH and CHARLES OH
8408 Arlington Blvd
Fairfax, Virginia 22031

     RE:   USE OF NEWSTAR® TRADEMARK

Dear Ms. OH and Mr. OH:

I represent NEW STAR ENTERPRISES, INC.

I am informed that you are using NEWSTAR®, which is a registered trademark of NEW STAR ENTERPRISES, INC. Use of the trademark is allowed, pursuant to franchise agreements between NEW STAR ENTERPRISES, INC., and a franchisee.

The franchise agreement between NEW STAR ENTERPRISES, INC., and its franchisees requires payment of an initial fee for each office operated by the franchisee, along with a royalty fee of $300.00 for each transaction in which the franchisee represents either a buyer and/or seller.

I am informed that you have approached DONG CHA of NEW STAR ENTERPRISES, INC., about modifying the franchise agreement, so that you would pay an annual fee of $5,000.00. This would be a significant modification of the franchise agreement, and would be unfair to all other franchisees who pay the royalty, instead of an annual fee.

Since NEWSTAR® is a registered trademark, your use of "NEWSTAR" on your "WASHINGTON NEWSTAR" website washingtonnewstar.com constitutes an infringement of trademark, and you are requested to cease using NEWSTAR® and to remove it from your website and any materials published by you.

Please contact me if you wish to discuss any of the above.

                 Yours very truly,

                 WAYNE YEE

cc: Chris Nam
    Jenny Nam

EXHIBIT F

# J.J. KIM & ASSOCIATES, P.C.

9252 Garden Grove Blvd., Suite 23, Garden Grove, CA  92844
Telephone:  714.530.4300 * Facsimile:  714.530.4333 * E-mail: jj@jjkim.com

www.jjkim.com

June 24, 2016

Washington Newstar
**Attention:  Charles Oh and Susan Oh**
8408 Arlington Blvd., Ste. 300
Fairfax, VA 22031

<u>VIA EMAIL</u>
charlesoh@newstardc.com
susanoh@newstardc.com

> Re:     *New Star Realty, Inc.*
>          *New Star Enterprises, Inc.*

Dear Mr. and Mrs. Oh:

The undersigned represents New Star Realty, Inc. and New Star Enterprises, Inc. ("New Star") with regard to intellectual property claims arising out of the trademark "Newstar" and related trade names.  New Star Realty, Inc. has registered the Newstar name in both English and Korean as a real estate brokerage business with the U.S. Patent and Trademark Office.  New Star Enterprises, Inc. is the registered assignee of the trademarks.  We understand that our client previously sent you a cease and desist letter October 20, 2015, requesting that you immediately cease and desist using the "Newstar" name and its trade iterations.

Unfortunately it clearly appears that you have chosen to ignore our client's request.  At present it appears that you operate a website called washingtonnewstar.com, and another website called newstardc.com.  The former website specifically states that Washington Newstar is part of the New Star business group.  **This is in fact a false statement.**  Search of local MLS listings refer to your business as Washington New Star Realty & Investment.  Search of Maryland, Virginia and Washington D.C. department of real estate websites show that the names Washington New Star Realty, New Star Realty & Investment, and New Star Realty & Investment Corp. are all used by your business.

<u>Trademark Infringement:</u>

The Lanham Act 15 U.S.C. 1051 et seq. governs trademark violations in the United States.  Penalties for trademark violations, including dilution of trademark are found at 11 U.S.C. section 1125.  Remedies include injunctive relief, and in certain cases award of lost profits, damages, costs and attorneys' fees.  See 11 U.S.C. section 1125(a), (c).  Remedies for cyber piracy are found at 11 U.S.C. section 1125(d).

In the case at hand the evidence clearly shows that you are presently using New Star's trademark Newstar and well as its trade name New Star, without authorization from New Star. Your unlawful actions include making false and misleading representations on your website that you are part of the New Star group 'with over 50 branch office'.   Washington Newstar's corporate name, business operations and website are all wholly misleading to members of the public because Washington Newstar's continued use of the Newstar name infers to members of the public that you are part of the New Star business group, **which you are not**.  It is therefore apparent that our client can successfully bring an action for trademark infringement against you. This included obtaining an injunction enjoining you i) from using our client's trademark, ii) from making false and misleading statements that you are affiliated, related to, or part of the New Star business group, and iii) making representations to multiple listing services or government regulatory agencies that your brokerage trade name is Newstar.  It also necessarily includes a damage award for trademark dilution as well as additional awards for attorneys' fees and costs.

**WHEREFOR** demand is hereby made that within 7 days you cease and desist from using our client's trademark and trade name on your websites washingtonnewstar.com and newstardc.com., that you cease and desist from using our client's trademark and trade name in any MLS listings, that you cease and desist from using our client's trademark and trade name in any registrations with the department of corporations, secretary of state, or department of real estate or like entities in Washington D.C., Virginia, Maryland, or Pennsylvania, and that you cease and desist from making any representations that you are related to or otherwise affiliated with or part of the New Star group.

In the event you fail to meet this demand our client, New Star, has asked us to communicate to you that it will contemplate pursuing all available legal remedies, including seeking injunctive relief and monetary damages, and an order that you pay court costs and attorney's fees. Failure to meet this demand may result in the initiation of legal action against you in a court of competent jurisdiction. Because of your continued and intentional misuse of our client's trademark and trade name, other workout options are not available; however, we will have no choice but to initiate legal action unless you contact our office immediately to discuss this matter.

In addition, if a lawsuit is filed, our client's damages could considerably increase due to costs associated with the lawsuit, attorney's fees and interest charges.  Additionally, once a judgment has been entered against you in this matter, it is unlikely that anything short of full payment of the balance would be considered acceptable.  Furthermore, once a judgment is entered, there are other courses of legal action available against your assets.

**To avoid further action in this matter, you must respond within 7 days to this office regarding this matter.**

We strongly suggest that you take this matter seriously and respond with full compliance at once.

Sincerely Yours,

J.J. KIM & ASSOCIATES, PC

John A. Axtell
Admitted in California and Texas
john@jjkim.com
ja